IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00822–KMT

RODERICK DANIELS, individually and on behalf of all similarly situated,

Plaintiff,

v.

DATAWORKFORCE LP,

Defendant.

---

**ORDER**

---

This matter is before the court on Defendant's "Motion to Stay Discovery Pending Resolution of Motion to Dismiss" (Doc. No. 24, filed July 23, 2014 [Mot. Stay]) and "Motion for Protective Order from Discovery" (Doc. No. 25, filed Aug. 12, 2014 [Mot. Prot. Order]). Plaintiff filed a "Response in Opposition to Defendant's Motion for Protective Order" on September 2, 2014 (Doc. No. 26) and Defendant filed its "Reply in Support of Motion for Protective Order from Discovery" on September 16, 2014 (Doc. No. 27). For the following reasons, Defendant's Motions are GRANTED.

In his Complaint, filed March 20, 2014, Plaintiff alleges that Defendant failed to pay him, and other hourly workers similarly situated to him, overtime wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (*See generally* Doc. No. 1.) On May 21, 2014, Defendant filed its "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(3)." (Doc. No. 8 [Mot. Dismiss.].) Defendant argues in its Motion to Dismiss that (1) the court lacks

subject matter jurisdiction over this action, based on an arbitration clause contained in an "Employment Agreement and Terms and Conditions" entered into by Plaintiff; and (2) that venue in this court is improper based on a forum selection clause contained in the same Employment Agreement.  (*See generally id.*)  Defendant's Motion to Stay and Motion for Protective Order seek to stay discovery in this action until the court rules on its Motion to Dismiss.  (*See* Mot. Stay; Mot. Prot. Order.)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006).  Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . .  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936).  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

The underlying principle in determining whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713

F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, stays of all discovery are generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted).

Nevertheless, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). Courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved. *See, e.g.*, *Siegert v. Gilley*, 500 U.S. 226, 231–32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation). In addition, decisions from this District have recognized the propriety of staying the significant discovery associated with class-actions claims while a dispositive motion to dismiss is pending. *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *2 (D. Colo. Jan. 7, 2010) (citing *Schmaltz v. Smithkline Beecham Corp.*, No. 08-cv-00119-WDM-MEH, 2008 WL 3845260, at *1-2 (D. Colo. Aug. 15, 2008)) (staying discovery as to class claims upon

finding that Defendant "demonstrated that significant discovery may be necessary for class claims that would otherwise be irrelevant").

In determining whether to stay discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Although the Motion to Stay indicates that Plaintiff opposes a stay of discovery generally, Plaintiff did not file a response to the Motion to Stay. Instead, Plaintiff only explicitly opposed Defendants' Motion for Protective Order, by arguing that Defendant should be required to respond to his interrogatory seeking the identity, address, phone number, and position of individuals whose duties and compensation were similar to Plaintiff over the past three years. Nevertheless, the court acknowledges that Plaintiff has a general interest in proceeding expeditiously with this action.

The court finds, however, that Plaintiff's interest is outweighed by the burden Defendant would face if forced to proceed with discovery where this court's subject matter jurisdiction is in question. This burden is particularly significant given that Plaintiff intends to pursue his claims in a collective action, which will assuredly require far more sweeping discovery than claims asserted on an individual basis. Although, at this juncture, Plaintiff has only sought a response to a single interrogatory, the court finds that even that interrogatory is burdensome and premature in light of the uncertainty as to whether (1) this court has subject-matter jurisdiction over this

action, (2) this court is the proper forum for this action, and (3) whether Plaintiff may assert his claims through a collective action.

The third *String Cheese* factor also favors a stay. Although the court has an interest in managing its docket by seeing the case proceed expeditiously, the court finds that any inconvenience that might result from rescheduling the docket is outweighed by the potential waste of judicial resources that would result from allowing discovery to proceed, only to have the case subsequently dismissed in its entirety on the grounds raised in the Motion to Dismiss. *See Nankivil*, 216 F.R.D. at 692 (a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

Finally, neither the interest of nonparties nor the public interest in general prompt the court to reach a different result.  Accordingly, on balance, the court finds that a stay of discovery is appropriate in this case.

Therefore, it is

ORDERED that Defendant's "Motion to Stay Discovery Pending Resolution of Motion to Dismiss" (Doc. No. 24) and "Motion for Protective Order from Discovery" (Doc. No. 25) are GRANTED.  All discovery in this matter is hereby STAYED pending ruling on Defendant's Motion to Dismiss.  The Final Pretrial Conference set for March 17 ,2015 is VACATED.  The parties shall file a Joint Status Report within ten days of ruling on the Motion to Dismiss, if this

action remains pending, advising the court whether the stay should be lifted and the Scheduling Order deadlines reset.

Dated this 25th day of September, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge