IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00822–KMT

RODERICK DANIELS, individually and on behalf of all similarly situated,

    Plaintiff,

v.

DATAWORKFORCE LP,

    Defendant.

## ORDER

This matter is before the court on Defendant's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(3)." (Doc. No. 8, filed May 21, 2014.) Plaintiff's "Response in Opposition to Defendant's Motion to Dismiss" was filed on July 1, 2014 (Doc. No. 18) and Defendant's Reply was filed on July 15, 2014 (Doc. No. 20). The court also addresses herein "Plaintiff's Motion for Conditional Class Certification and Court Facilitated Notice pursuant to 29 U.S.C. § 216(b)." (Doc. No. 19.) For the following reasons, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part and Plaintiff's Motion for Conditional Class Certification is DENIED without prejudice.

## BACKGROUND

In his Complaint (Doc. No. 1, filed Mar. 20, 2014), Plaintiff asserts that he worked for Defendant's Telecom division between October 2011 and December 2013. Plaintiff alleges that Defendant violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.,* by failing to

pay him, as well as others similarly situated, overtime wages for time worked in excess of 40 hours per week.

On October 28, 2011, Plaintiff signed an Employment Agreement and Terms and Conditions. (Resp., Ex. A ["Emp't Agmt."].)[1] The Agreement contains an arbitration clause:

> Arbitration. Any controversy arising out of, or relating to, this Agreement or any modification or extension thereof, including any claim for damages (other than any controversy arising out of, or relating to, the applicability, breach, enforceability or any other matter under the Confidentiality and Non-Competition provisions of this Agreement), shall be settled by arbitration before one arbitrator in Dallas, Texas, in accordance with the rules then in effect of the American Arbitration Association. Failure to institute such arbitration proceedings within 30 days of the occurrence of the alleged breach shall constitute an absolute bar to the institution of any proceedings and a waiver of all claims.

(*Id.* ¶ 9.) The Employment Agreement also contains a forum selection clause:

> Governing Law. The parties agree that this Agreement and Contract Schedule(s) are entered in and under the laws of the State of Texas and is to be enforced and shall be interpreted under the laws of the State of Texas, including any dispute related thereto and including both procedural and substantive legal issues. The parties agree that exclusive jurisdiction and venue to interpret or enforce any provision of this Agreement shall be in a court of appropriate jurisdiction in Collins County, Texas.

(*Id.* ¶ 10.4.) Defendant argues that Plaintiff's claims are properly dismissed (1) pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue, based on the forum-selection clause; and (2) pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, because they are subject to arbitration under the arbitration clause.

---

[1] Although the Employment Agreement is not signed by Defendant's representative, Plaintiff does not argue that this renders it unenforceable against him.

## ANALYSIS

*A.     Venue*

As a threshold matter, the court disagrees that Federal Rule of Civil Procedure 12(b)(3) governs whether Plaintiff's Complaint is properly dismissed based on the forum selection clause. Instead, the Supreme Court recently held that the proper mechanism for enforcing a forum selection clause is either 28 U.S.C. § 1404(a) or the doctrine of *forum non conveniens. Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.,* --- U.S. ----, 134 S.Ct. 568, 580 (2013). More specifically, if the clause points to a state or foreign forum, the case may be dismissed under the *forum non conveniens* doctrine, whereas, if the clause points to another federal court, the case may be transferred pursuant to § 1404(a). *See id.* Here, the forum-selection clause requires claims be brought in "Collins County, Texas." (Emp't Agmt. ¶ 10.4.) Because the chosen venue is stated as a county, rather than a judicial district, the court finds that "venue is intended to lie only in [a] state district court" in Collins, County Texas. *Excell, Inc. v. Sterling Boiler & Mech., Inc.,* 106 F.3d 318, 321 (10th Cir. 1997) (citing *Intermountain Sys. v. Edsall Constr. Co.,* 575 F. Supp. 1195, 1198 (D. Colo. 1983)). Accordingly, the court considers whether it must dismiss this case under *forum non conveniens* doctrine based on the forum selection clause.

Plaintiff does not dispute that the forum selection clause is valid or is properly classified as mandatory. *See M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10 (1972) (forum selection clauses are *prima facie* valid); *K & V Scientific Co, Inc. v. BMW,* 314 F.3d 494, 500 (10th Cir. 2002) (use of terms of exclusivity such as "exclusive," "sole," or "only" indicate that a forum

3

selection clause is mandatory).  Instead, Plaintiff argues that dismissal is inappropriate because his FLSA claims do not fall within the scope of the forum selection clause.  The court agrees.

The forum selection clause contained in the Employment Agreement states that "exclusive jurisdiction to *interpret or enforce any provision of this Agreement* shall be in a court of appropriate jurisdiction in Collins County, Texas."  (Emp't Agmt. ¶ 10.4) (emphasis added.)  Consistent with a number of district court decisions from across the country that have addressed similar forum selection clauses, the court finds that this language does not encompass claims under the FLSA.  *See, e.g., Perry v. Nat'l City Mortg., Inc.,* No. 05-cv-891-DRH, 2006 WL 2375015, at *4-5 (S.D. Ill. Aug. 15, 2006) (forum selection clause referring to "this Agreement" did not apply to the plaintiff's FLSA claims); *Crouch v. Guardian Angel Nursing, Inc.,* No. 3:07-cv-00541, 2009 WL 373 8095, at *2-3 (M.D. Tenn. Nov. 4, 2009) (forum selection clause governing "any action to enforce any provision of this Agreement" did not apply to FLSA or other non-contractual claims).  Although Plaintiff's duties and compensation outlined in the Employment Agreement are likely "germane to his FLSA claims," Plaintiff does not seek to "enforce any terms" or provisions of the Employment Agreement through this action.  *Fuller v. Goldstar Estate Buyers Corp.,* No. 10-cv-5839, 2011 WL 809429, at *2-3 (N.D. Ill. Mar. 1, 2011); *see also Crouch,* 2009 WL 3738095, at *3 (FLSA claims did not fall within forum selection clause because resolving such claims did not require interpretation of the contract).  Instead, he seeks to enforce his statutory rights to overtime pay under the FLSA.

If the parties intended to include FLSA or other statutory employment claims within the scope of the forum selection clause, they could have used broader language so as to encompass all claims arising out of "the employment relationship between" Plaintiff and Defendant.  *Fuller,*

2011 WL 809429, at *3; *see also Ruifrok v. White Glove Restaurant Servs., LLC,* at *6 (D. Md. Oct. 18, 2010) (forum selection clause applying to any action arising from "the parties' performance" of an employment agreement encompassed FLSA claims).  However, because they did not do so, the court finds that the forum selection clause is inapplicable to Plaintiff's FLSA claim.  Therefore, the court finds that dismissing Plaintiff's Complaint on *forum non conveniens* grounds would be improper.

### B.     *Arbitration*

To the extent that Defendant seeks to compel arbitration of Plaintiff's FLSA claims, the court finds it lacks the authority to do so.  The Tenth Circuit has held that "where the parties agreed to arbitrate in a particular forum, only a district court in that forum has authority to compel arbitration under § 4" of the Federal Arbitration Act (FAA), 9 U.S.C. § 4.  *Ansari v. Qwest Comm'ns Corp.,* 414 F.3d 1214, 1219-20 (10th Cir. 2005) (citations omitted).  Here, the parties have agreed to arbitration in Dallas, Texas.  (Emp't Agmt. ¶ 9.)  As such, this court lacks authority under the FAA to compel arbitration of Plaintiff's claims.

Nevertheless, the court finds it appropriate to temporarily stay this action in order to allow Defendant to seek to compel arbitration in a Texas court.  *Roe v. Gray,* 165 F. Supp. 2d 1164, 1177 (D. Colo. 2001) (staying action pending a decision from the appropriate district court regarding whether arbitration should be compelled, as well as any possible arbitration); *Silver v. Radiance Medspa Franchise Group, PLLC,* No. 06-cv-01111-PSF-PAC, 2006 WL 2925699, at *2-3 (D. Colo. Oct. 11, 2006) (same); *see also Ansari,* 414 F.3d 1214 (affirming district court's stay of action pending a determination by a district court in the District of Columbia regarding whether arbitration of the plaintiff's claims should be compelled).  While acknowledging that the

ultimate decision regarding whether to compel arbitration must be made by the appropriate Texas court, the court finds that, given the broad arbitration provision contained in the Employment Agreement, Defendant has set forth a colorable argument that this dispute is subject to arbitration. *See Silver,* 2006 WL 2925699, at *3 (conducting a limited inquiry into the merits of compelling arbitration to ensure that such an argument may be asserted in good faith before the coordinate district court).

Therefore, it is

ORDERED that "Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(3)" (Doc. No. 8) is GRANTED in part and DENIED in part. Defendant's Motion is DENIED to the extent it seeks to dismiss this case based on the forum selection and arbitration clauses, but GRANTED insofar as this case is STAYED pending the initiation of a proceeding in Texas to compel arbitration in Dallas, Texas. If neither party moves to compel arbitration in Texas on or before **January 8, 2015**, this case will be recommenced. It is further

ORDERED that the parties shall file a Joint Status Report on or before **January 8, 2015** advising the court whether a proceeding to compel arbitration has been initiated in Texas. Further, if the parties have commenced a proceeding to compel arbitration, they shall file a second Joint Status Report within **14 days** of the Texas court's ruling on whether arbitration should be compelled. It is further

ORDERED that Plaintiff's "Motion for Conditional Class Certification and Court Facilitated Notice Pursuant to 29 U.S.C. § 216(b)" (Doc. No. 19) is DENIED without prejudice, with leave to refile in the event this action is recommenced based on (1) a failure to initiate

proceedings to compel arbitration in a Texas court, or (2) a ruling by the Texas court that declines to compel arbitration.

Dated this 24th day of November, 2014.

BY THE COURT:

_____
Kathleen M Tafoya
United States Magistrate Judge